**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ——————————————— x | |
| : | **Civil Action No.:** |
| IRINA ISAKOVA, on behalf of herself and : | |
| others similarly situated, : | **COMPLAINT - - CLASS ACTION** |
| : | |
| Plaintiff, : | |
| : | **JURY TRIAL DEMANDED** |
| v. : | |
| : | |
| KLEIN, DADAY, ARETOS & : | |
| O'DONOGHUE LLC, : | |
| : | |
| Defendant. : | |
| ——————————————— x | |

**Nature of the Action**

1.      This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of consumers who have been subjected to debt collection efforts by Klein, Daday, Aretos & O'Donoghue LLC ("Defendant").

2.      By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained: "Harmful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.  Today, over one-third of all debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers do not owe.[2]

5.  To address this problem, the FDCPA requires debt collectors to send consumers a "validation notice" at the outset of the relationship containing certain prescribed disclosures about the consumers' alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

6.  A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*

7.  The CFPB and the Federal Trade Commission have noted that "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8.  Pertinent here, the validation notice must advise the consumer that unless she, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*. 15 U.S.C. § 1692g(a)(3).

---

[1]    *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

[2]    *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018*, at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/.

9.      This case centers on Defendant's failure to properly provide the disclosures required by section 1692g(a)(3) in its initial written communications to New York consumers, or within five days thereafter.

**Parties**

10.     Irina Isakova ("Plaintiff") is a natural person who at all relevant times resided in Queens County, New York.

11.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, asserted to be owed or due, a creditor other than Defendant.

12.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan used for personal and household purchases (the "Debt").

13.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.     Defendant is a limited liability company with corporate headquarters in Rolling Meadows, Illinois.

15.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

17.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or

attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18.    Defendant holds itself out to the public as representing clients in "[c]ollections matters on behalf of creditors."[3]

19.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

20.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant transacts business in this district.

## Factual Allegations

22.    On or about July 3, 2019, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

23.    A true and correct copy of the July 3, 2019 communication is attached as Exhibit A.

24.    Plaintiff received the July 3 letter at her home in Queens County, New York.

25.    Pertinent here, Defendant's July 3 letter opens with the following passage:

THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We have been retained by First Midwest Bank related to the above reference [sic] account. YOU ARE HEREBY NOTIFIED that you are in default on the terms of the Promissory Note dated January 25, 2017 to First Midwest Bank (herein "Note").

Ex. A.

---

[3]    *See* https://www.kdaolaw.com/civil-litigation (last accessed September 11, 2019).

26.    The July 3 letter goes on to state that Defendant's "records indicate that your account is now past due for payments due for March 11, 2019 and each payment thereafter." *Id.*

27.    Defendant later advises in its July 3 letter:

> Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days of receipt of this letter, the debt will be assumed to be valid. If you notify the undersigned within thirty (30) days of receipt of this letter that the debt or a portion thereof is disputed, the undersigned will send you verification of the debt. If you would like to receive such verification, send a written request to the undersigned at the above listed address.

*Id*.

## Class Action Allegations

28.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with an address in the United States, (b) to whom Klein, Daday, Aretos & O'Donoghue LLC mailed an initial debt collection communication not returned as undeliverable, (c) within one year preceding the date of this complaint through the date of class certification, (d) in connection with the collection of a consumer debt, (e) which stated: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days of receipt of this letter, the debt will be assumed to be valid."

29.    Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

30.    The proposed class satisfies Rule 23(a)(1) because, upon information and belief, class members are so numerous that joinder of all of them is impracticable.

31.    The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

32.    The proposed class is ascertainable because it is defined by reference to objective criteria.

33.    In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

34.    The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class.

35.    To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice, and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

36.    Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

37.    Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

38.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

39.    Furthermore, as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

40.    There will be no difficulty in the management of this action as a class action.

41.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

42.    Among the issues of law and fact common to the class:

    a.    Defendant's violations of the FDCPA as alleged herein;

b.   Whether Defendant is a debt collector as defined by the FDCPA;

c.   the availability of statutory penalties; and

d.   the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3)**

43.    Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 42.

44.    The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

\* \* \* \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

45.    The July 3, 2019 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(3), nor did Defendant provide such disclosures within five days thereafter.

46.    Specifically, the July 3, 2019 communication violated 15 U.S.C. § 1692g(a)(3) by advising Plaintiff that unless she, within 30 days after receipt of the notice, disputed the validity of the debt, or any portion thereof, "the debt will be assumed to be valid," Ex. A—with no reference to *who* would be making this assumption.

47.    By failing to specify that the Debt would thereafter be assumed valid *by Defendant* (and *only* by Defendant), the July 3, 2019 letter misstates Plaintiff's rights pursuant to the FDCPA. *See, e.g.*, *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d 813, 823 (E.D. Va. 2014) ("The Letter's failure to state who would assume the debt's validity does not comply

with § 1692g(a)(3) of the FDCPA, and the inclusion of the Letter's final sentence does nothing to correct or clarify that omission. Here too the Defendant used language that would reasonably be understood by the least sophisticated consumer to convey more than the law allows. It is unlikely that the selection of that text was inadvertent.").

48.    As a result, Defendant violated 15 U.S.C. § 1692g(a)(3).

49.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

50.    Moreover, "[s]ection 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

51.    And the content of Defendant's July 3, 2019 communication created a material risk of harm to Plaintiff's concrete interests that Congress sought to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, 707 F. App'x 724, 727 (2d Cir. 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

52.    Specifically, where a consumer is told that her failure to dispute a debt within 30 days of receipt of the validation notice will result in that debt being assumed valid *generally*, and not simply by the debt collector, such misstatement creates a risk that the consumer will believe (incorrectly) that anyone beyond the debt collector—for example, the original creditor, the current creditor, or even a court of law—will be entitled to this same presumption of validity,

which is not true. *See, e.g.*, *Galuska v. Collectors Training Inst. of Ill., Inc.*, No. 07-2044, 2008 WL 2050809, at *5 (M.D. Pa. May 13, 2008) (holding that failure to include "by the debt collector" or words such as "we" or "this office" in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity).

53.     Here, upon reviewing Defendant's July 3, 2019 communication, Plaintiff was under that very impression.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

54.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 42.

55.     The FDCPA at 15 U.S.C. § 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

56.     By failing to specify in its July 3, 2019 communication that the Debt would thereafter be assumed valid by Defendant (and only by Defendant), the July 3 letter gave the misleading impression that the Debt would be assumed valid by entities other than Defendant.

57.     As a result, Defendant violated 15 U.S.C. § 1692e by making a misleading representation in connection with the collection of the Debt.

58.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to give her statutorily-mandated disclosures to which she was entitled.

59.     And the content of Defendant's July 3 communication created a material risk of harm to Plaintiff's concrete interests that Congress sought to protect in enacting the FDCPA.

60.     Specifically, where a consumer is told that her failure to dispute a debt within 30 days of receipt of the validation notice will result in that debt being assumed valid generally, and not simply by the debt collector, such misstatement creates a risk that the consumer will believe (incorrectly) that anyone beyond the debt collector—for example, the original creditor, the current creditor, or even a court of law—will be entitled to this same presumption of validity, which is not true.

61.     Here, upon reviewing Defendant's July 3, 2019 communication, Plaintiff was under that very impression.

62.     Moreover, Defendant violated Plaintiff's right not to be the target of misleading debt collection communications.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(3) and 1692e;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(a)(3) and 1692e with respect to Plaintiff and the class;

F.   Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G.   Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H.   Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

DATED:  September 12, 2019                    Respectfully submitted,


*/s/ Brittany Weiner*
Brittany Weiner
Imbesi Law Group P.C.
1501 Broadway, Suite 1915
New York, NY 10036
Tel: (646) 767-2271
Fax: (212) 658-9177
brittany@lawicm.com

Jesse S. Johnson*
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
Fax: (561) 961-5684
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

* to seek admission *pro hac vice*