UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IRINA ISAKOVA, on behalf of herself and others similarly situated,

    Plaintiff,

v.

KLEIN, DADAY, ARETOS & O'DONOGHUE LLC,

    Defendant.

**Civil Action No. 1:19-cv-05221-KAM-SMG**

---

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, this Court has been advised that the parties to this action, Irina Isakova ("Plaintiff" or "Class Representative"), and Klein, Daday, Aretos & O'Donoghue LLC ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Settlement Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

NOW, THEREFORE, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **May 17, 2021**, after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final

Approval Order should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

If Defendant has not already done so, then pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, within 10 days of this Order, Defendant will cause to be served written Notice of the proposed class settlement on the United States Attorney General and the attorneys general for those states in which a class member resides.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action (the "Settlement Class") on behalf of the following class of plaintiffs ("Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (a) with an address in the United States, (b) to whom Klein, Daday, Aretos & O'Donoghue LLC mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between September 12, 2018 and September 12, 2019, (e) which stated: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days of receipt of this letter, the debt will be assumed to be valid."

Defendant represents that there are approximately 143 potential Class Members, including Plaintiff.

Excluded from Class Members are the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest; and decedents. Also excluded are those who timely and validly request exclusion pursuant to this Settlement Agreement.

2

Pursuant to Rule 23, the Court appoints Irina Isakova as the Class Representative. The Court also appoints Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel.

This Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the risks of maintaining the class action through the trial; (6) the ability of Defendant to withstand a greater judgment; (7) the range of reasonableness of the Settlement Fund in light of the best possible recovery for Class Members, particularly considering the cap on statutory damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a)(2)(B); and (8) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation.

3

A third-party class administrator acceptable to the parties will administer the settlement and notification to Class Members. The Class Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. The costs of administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, this Court hereby appoints the following Class Administrator: First Class, Inc.

This Court approves the form and substance of the Direct Mail Notice of Class Action Settlement, attached to the Settlement Agreement as Exhibit C. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. This Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Settlement Agreement, the Class Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than February 22, 2021**. The Class Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the class administrator currently uses to update addresses.

Class counsel's petition for an award of attorneys' fees and reimbursement of costs and expenses must be filed with the Court no later than 30 days after the Court's entry of this order, *i.e.*, **no later than March 3, 2021**.

Any Class Member who desires to be excluded from the class must send a written request for exclusion to the class administrator with a postmark date no later than 60 days after the Court's

4

entry of this order, *i.e.*, **no later than April 2, 2021**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement.

Any Class Member who does not timely and validly request exclusion in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Lawsuit, including, but not limited to, the Final Approval Order and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Parties as more fully described in the Settlement Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Court's entry of this order, *i.e.*, **no later than April 2, 2021**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: Jesse S. Johnson, Greenwald Davidson Radbil PLLC, 7601 N. Federal Highway, Suite A-230, Boca Raton, FL 33487; and Counsel for Defendant, Brett A. Scher, Adam M. Marshall, Kaufman Dolowich & Voluck LLP, 135 Crossways Park Dr., Suite 201, Woodbury, NY 11797.

To be effective, a notice of intent to object to the Settlement must:

5

  (a) Contain a heading which includes the name of the case and case number;

  (b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

  (c) Be filed with the Clerk of the Court no later than 60 days after the Court preliminarily approves the settlement;

  (d) Be sent to Class Counsel and counsel for Defendant at the addresses designated in the Notice by first-class mail, postmarked no later than 60 days after the Court preliminarily approves the settlement;

  (e) Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney, as well as a statement whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. If the Class Member is represented by an attorney, he/she or it must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Eastern District of New York; and

  (f) Contain a statement of the specific basis for each objection.

Any Class Member who has timely filed an objection may appear at the Final Fairness Hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the settlement, and on the application for an award of attorneys' fees, costs, and expenses.

Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement Agreement, appointment of the Class Representative, and Class Counsel's motion for attorneys' fees, costs, and expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement Agreement, and Class Counsel's motion for attorneys' fees, costs and expenses, or from otherwise being heard concerning the Settlement Agreement, and Class Counsel's motion for an attorneys' fees, costs, and expenses, in this or any other proceeding. Any untimely objection shall be barred.

Any submissions by the Parties in opposition or response to any objections shall be filed with the Court no later than seven (7) days before the Fairness Hearing.

Upon final approval from the Court, the class administrator will mail a settlement check to each Class Member who does not exclude himself or herself. Each such Class Member who does not exclude himself or herself will receive a pro-rata portion of the $7,500 Settlement Fund. Additionally, Defendant will pay to the Class Representative the sum of $1,000 as statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(B)(i).

The Court will conduct a Final Fairness Hearing on **May 17, 2021** at the United States District Court for the Eastern District of New York, Courtroom 6C South, 225 Cadman Plaza East, Brooklyn, New York 11201, to review and rule upon the following issues:

- A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

- B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

- C. Whether a Final Approval Order, as provided under the Settlement Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties;

- D. Whether Plaintiff should be finally certified as a Class Representative for the Class Members; and whether Jesse S. Johnson of Greenwald Davidson Radbil PLLC should be finally appointed as Class Counsel for the Class Members; and

- E. To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Submissions by the Parties in support of the settlement, including memoranda in support of final approval of the proposed settlement, and responses to any objections, must be filed with the Court no later than 28 days prior to the Final Fairness Hearing, *i.e.*, **no later than April 19, 2021**. Opposition briefs to any of the foregoing must be filed no later than 14 days prior to the final fairness hearing, *i.e.*, **no later than May 3, 2021**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days prior to the final fairness hearing, *i.e.*, **no later than May 10, 2021**. In connection with her final approval motion briefing, Plaintiff shall file with the Court one or more affidavits or declarations showing timely compliance by the Class Administrator with the class notice requirements, and updating the Court on relevant exclusions and objections from Class Members.

This Order will be null and void if any of the following occur:

A.   The Settlement Agreement is terminated by any of the Parties for cause, or any specified material condition to the settlement set forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties; or

B.   The Court approves the Settlement Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

If the Settlement Agreement and/or this order are voided, then the Settlement Agreement will be of no force and effect, and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

The Court sets the following schedule:

| Date | Event |
| --- | --- |
| 2/1/2021 | Preliminary Approval Order Entered |
| 2/22/2021 | Direct Mail Notice Sent (21 days after Preliminary Approval Order entered) |
| 3/3/2021 | Filing of Class Counsel's Petition for Attorneys' Fees, Costs, and Expenses (30 days after entry of Preliminary Approval Order) |
| 4/2/2021 | Deadline to Send Exclusion or File Objection (60 days after entry of Preliminary Approval Order) |
| 4/19/2021 | Filing of Motion for Final Approval and Responses to Any Objections (28 days before final fairness hearing) |
| 5/3/2021 | Opposition, if any, to Final Approval (14 days before final fairness hearing) |
| 5/10/2021 | Reply in support of Final Approval/Response to Any Objection (7 days before Final Fairness Hearing) |
| 5/17/2021 | Final Fairness Hearing Held |

IT IS SO ORDERED.

Dated: 2/1/2021

/s/
The Hon. Kiyo A. Matsumoto
U.S. District Judge
Eastern District of New York