**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| IRINA ISAKOVA, on behalf of herself and others similarly situated, | : : : : : : : : : : : : : | **Civil Action No. 19-cv-05221 (KAM) (SJB)** |
| Plaintiff, | | |
| v. | | |
| KLEIN, DADAY, ARETOS & O'DONOGHUE LLC, | | |
| Defendant. | | |

**ORDER OF FINAL APPROVAL AND JUDGMENT**

WHEREAS, Plaintiff IRINA ISAKOVA, on behalf of herself and the Class Members, and KLEIN, DADAY, ARETOS & O'DONOGHUE LLC ("Defendant") have entered into a Class Action Settlement Agreement dated July 27, 2020 (the "Settlement Agreement") that provides for a complete dismissal with prejudice of the claims asserted against Defendant in the Lawsuit on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

WHEREAS, by Order dated February 1, 2021 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to

exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on May 26, 2021 (the "Final Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendant; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Lawsuit, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

The Court has jurisdiction over the subject matter of this Lawsuit, including the terms and conditions of the Settlement Agreement and all exhibits submitted in support thereof, and over all parties to the Lawsuit and all Class Members.

This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement, and (b) the Direct Mail Class Notice form previously filed with the Court.

The Court certifies the following class, for settlement purposes (the "Settlement Class"), with respect to the claims asserted in the Lawsuit:

> All persons (a) with an address in the United States, (b) to whom Klein, Daday, Aretos & O'Donoghue LLC mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) between September 12, 2018 and September 12, 2019, (e) which

2

stated: "Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days of receipt of this letter, the debt will be assumed to be valid."

Excluded from Class Members are the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest; and decedents.

This Court finds that this matter meets the applicable prerequisites for class action treatment under Rule 23, namely:

1. The Class Members are so numerous that joinder of all of them is impracticable;

2. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

3. Plaintiff's claims are typical of the Class Members' claims;

4. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

5. Class treatment of Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court also confirms its appointment of Irina Isakova as class representative for the class, and the following attorney and law firm as Class Counsel for Class Members:

> Jesse S. Johnson
> Greenwald Davidson Radbil PLLC
> 7601 N. Federal Highway, Suite A-230
> Boca Raton, Florida 33487

This Court approves the terms of the parties' settlement, the material terms of which include, but are not limited to:

1. Defendant will create a class settlement fund ("Settlement Fund") in the amount of $7,500, which will be distributed on a pro-rata basis to all Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii).

2. Defendant separately will pay to Plaintiff $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i).

3. Defendant will pay all costs of class notice and administration of the settlement separate and apart from any monies paid to Plaintiff, Class Members, or Cass Counsel.

The Court finds that Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Lawsuit and for purposes of negotiating, entering into and implementing the Settlement, have done so at all times during the pendency of this Lawsuit, and have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

This Court finds that the form of class notice and the notice methodology:

1. were implemented materially in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order;

2. constituted the best practicable notice to Class Members under the circumstances of the Lawsuit;

3. were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Lawsuit, (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Lawsuit, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

4. were reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice of the Settlement; and

5. fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable laws and rules.

This Court additionally finds that Plaintiff's and Defendant's settlement, on the terms and conditions set forth in their class action settlement agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members. The $7,500 Settlement Fund

for Class Members is more than adequate considering (1) the complexity, expense and likely duration of the litigation without a settlement, which would have included contested class certification and summary judgment motion practice, plus potentially trial and appeals thereafter; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed by the parties, including discovery targeted to the class size and potential class damages; (4) the risks of establishing liability and obtaining certification of the class in a litigation posture; (5) the risks of establishing damages, particularly given the permissive nature of class statutory damages under the FDCPA, which also are capped at one percent of Defendant's net worth; (6) even assuming certification of a litigation class, the risks of maintaining such certification through the trial; (7) the ability of Defendant to withstand a greater judgment; (8) the range of reasonableness of the Settlement Fund in light of the best possible recovery for the class within the limitations set forth in the FDCPA; and (9) the range of reasonableness of the Settlement Fund to a possible recovery in light of all the attendant risks of litigation highlighted above.

This Court finds that the Class Members were given a fair and reasonable opportunity to object to the settlement.

No Class Member objected to the settlement, and no Class Member made a valid and timely request for exclusion. This order is binding on all Class Members.

The Releases set forth in the Settlement Agreement, together with the definitions of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date, as provided in the Settlement Agreement. Accordingly, this Court orders that:

1. Without further action by anyone, upon the Effective Date under the Settlement Agreement, Plaintiff and each of the other Class Members, on behalf of themselves, and

5

their respective immediate family members, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Settlement Agreement, of law, and of this Final Approval Order and Judgment, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and all Released Claims against the Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Parties.

2. Upon the Effective Date under the Settlement Agreement, to the extent allowed by law, the Settlement Agreement shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Class Member against any of the Released Parties with respect to any Released Claims.

This action is dismissed with prejudice as to all other issues and as to all parties and claims. The Parties shall bear their own costs and expenses, except as otherwise expressly provided for in the Settlement Agreement and as award to Class Counsel by separate order.

This Court retains continuing and exclusive jurisdiction over the parties and all matters relating this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Lawsuit.

IT IS SO ORDERED.

Dated: 5/26/2021

_____/s/_____
Hon. Kiyo A. Matsumoto
U.S. District Judge
Eastern District of New York