```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

IRINA ISAKOVA, on behalf of herself
and others similarly situated,

                Plaintiff,
                                          MEMORANDUM & ORDER

                                          19-CV-5221 (KAM)(ST)
        -against-


KLEIN, DADAY, ARETOS & O'DONOGHUE
LLC,

                Defendant.
----------------------------------------X
```

KIYO A. MATSUMOTO, United States District Judge:

Plaintiff Irina Isakova brings this class action on behalf of herself and others similarly situated, alleging that defendant Klein, Daday, Aretos & O'Donoghue LLC violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, by sending misleading disclosures in its initial debt collection letters to plaintiff and class members.  (ECF No. 1, Complaint.)

On July 27, 2020, plaintiff filed a consent motion for preliminary approval of the class action settlement. (ECF No. 21.)  On February 1, 2021, the court preliminarily approved the class action settlement.  (ECF No. 25.)  The court subsequently held a final fairness hearing on May 26, 2021.  (Minute Entry 5/26/2021.)  The court issued an Order of Final Approval and

1

Judgment, approving the class action settlement, but reserving decision on class counsel's request for attorneys' fees and costs.  (*See* ECF No. 32; Minute Entry 5/26/2021.)

The court has reviewed class counsel's motion and supporting submissions in support of their application for attorneys' fees and expenses.  (*See* ECF Nos. 26, Notice of Motion for Attorneys' Fees, Costs, and Expenses; 26-1, Memorandum, of Law in Support of Motion for Attorneys' Fees, Costs, and Expenses ("Pl. Mem."); 26-2, Declaration of Jesse S. Johnson in Support of Motion for Attorneys' Fees, Costs, and Expenses.)  For the reasons set forth below, the court grants class counsel's unopposed request for $34,000 in reasonable attorneys' fees, costs, and litigation expenses.

## LEGAL STANDARD

### I. Reasonableness of the Attorneys' Fees and Costs

"Pursuant to 15 U.S.C. § 1692k(a)(3), counsel for a prevailing party in an FDCPA action is entitled to 'the costs of the action, together with a reasonable attorneys' fee as determined by the court.'"  *Gonzalez v. Healthcare Recovery Mgmt. Inc.*, No. 13-cv-1002, 2013 WL 4851709, at *3 (E.D.N.Y. Sept. 10, 2013).

In adjudicating a motion for attorneys' fees, both the Second Circuit and the Supreme Court have held that "the lodestar—the product of a reasonable hourly rate and the

2

reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007) ). The Court should determine the "presumptively reasonable fee" by looking to "what a reasonable paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 183-84.

"[W]hether the calculation is referred to as the lodestar or the presumptively reasonable fee, courts will take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended." *Pinzon v. Paul Lent Mechanical Sys.*, No. 11-CV-3384, 2012 WL 4174725, at *5 (E.D.N.Y. Aug. 21, 2012), *adopted by* 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012). These factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

3

*Arbor Hill*, 522 F.3d at 184. "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citation omitted).

"In awarding attorneys' fees, especially in the context of a class action, a court must 'ensure that the interests of the class members are not subordinated to the interests of . . . class counsel.'" *Dial Corp. v. News Corp.*, 317 F.R.D. 426, 433 (S.D.N.Y. 2016) (quoting *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)). The Second Circuit has emphasized "the importance of the district court's duty 'to act as a fiduciary who must serve as a guardian of the rights of absent class members.'" *McDaniel v. County of Schenectady*, 595 F.3d 411, 419 (2d Cir. 2010) (quoting *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1099 (2d Cir. 1977)); *see Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 52 (2d Cir. 2000) (stating that a court should perform a "searching assessment" of requested attorneys' fees in each case).

A district court has broad discretion in setting fee awards. *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987). "In reviewing the submitted timesheets for reasonableness, the Court relies on its own familiarity with the

case, as well as on its experience with the parties' evidentiary submissions and arguments." *Ruiz v. Maidenbaum & Assocs. P.L.L.C.*, No. 12-cv-5044 (RJS), 2013 WL 3957742, at *4 (S.D.N.Y. Aug. 1, 2013) (citation omitted). "A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed, preferably through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates." *Pita v. Tulcingo Car Serv., Inc.,* No. 10-cv-0481 (DLI)(JO), 2011 WL 1790833, at *9 (E.D.N.Y. Apr. 7, 2011) (citing *New York State Association for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147 (2d Cir. 1983)).

## DISCUSSION

Having reviewed the record and class counsel's motion or attorneys' fees and supporting submissions, the court grants class counsel's unopposed request for $34,000 in reasonable attorneys' fees and costs.

### I. Hourly Rates

In this case, plaintiff's counsel and class counsel, Greenwald Davidson Radbil PLLC ("GDR"), requests an hourly rate of $400 for GDR partner Jesse S. Johnson and $450 for GDR senior partner James L. Davidson. (*See* ECF No. 26-1, Plaintiff's Memorandum of Law in Support of Motion for Attorneys' Fees, Costs, and Litigation Expenses ("Pl. Mem.") at 10-11.)

5

A district court should generally use the prevailing hourly rates in the district where it sits. *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 173 (2d. Cir. 2009). Courts in this district generally award hourly rates "ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017) (citations omitted); *see also Konits v. Karahalis*, 409 F. App'x 418, 422-23 (2d Cir. 2011) (summary order) (summarizing prevailing rates in the Eastern District of New York). Hourly rates for FDCPA cases, however, regularly fall on the lower end of this range; courts rarely award rates greater than $350 even for experienced attorneys. *See Razilova v. Halstead Fin. Servs., LLC*, 18-cv-1668 (RRM)(PK), 2019 WL 1370695, at *7 (E.D.N.Y. Mar. 1, 2019) ("In recent years, decisions in this District have determined reasonable hourly rates in FDCPA cases at approximately $300-$350 for partners."), *report and recommendation adopted*, 2019 WL 1364399 (E.D.N.Y. Mar. 26, 2019); *Gonzalez v. Healthcare Recovery Mgmt. Inc.*, No. 13-cv-1002, 2013 WL 4851709, at *4 (E.D.N.Y. Sept. 10, 2013) ("In FDCPA cases, courts in the Eastern District of New York regularly award experienced attorneys hourly rates ranging from $250 to $350." (collecting cases)); *see also McMahon-Pitts v. Sokoloff*, No. 15-cv-4975, 2017 WL 1011473, at *4 (E.D.N.Y. Mar.

6

15, 2017) (awarding hourly rates of $170 to a junior associate with two years of experience in consumer law, $200 and $230 to associates with three years and five years of experience in consumer law, respectively, and $90 each to two paralegals in an FDCPA case).

Here, the hourly rates of $450 to $400 class counsel requests for GDR partners is not within the applicable range for FDCPA attorneys of similar experience in the Eastern District of New York. Given the straightforward nature of this FDCPA class action and the absence of lengthy discovery or complex motions practice, the court concludes that counsels' hourly rates shall be reduced to $350. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-cv-3312 (PKC)(VMS), 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018) ("Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour"), *aff'd*, 790 F. App'x 289 (2d Cir. 2019).

II. **Compensable Hours**

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates. *See Carey*, 711 F.2d at 1147-48. The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances. *See Scott v. City of N.Y.*, 626

7

F.3d 130, 133-34 (2d Cir. 2010). Inadequate documentation is grounds for reduction of a fee award. *Hensley*, 461 U.S. at 433; *United Health Programs of America, Inc.*, 350 F. Supp. 3d 199, 236 (E.D.N.Y. 2018) ("Failure to adequately document costs may result in the denial or reduction of those costs.").

Class counsel seeks to be compensated for 103.30 hours of attorney time in connection with this matter. (*See* ECF No. 31, Supplemental Declaration of Jesse S. Johnson ("Suppl. Johnson Decl."), Ex. 1.) The court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent . . . in a given case." *Fox Indus., Inc. v. Gurovich*, No. 03-cv-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). The party seeking an award of attorney's fees bears the burden of documenting "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *Cho v. Koam Medical Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (internal citations, quotation marks, and alteration omitted). A court should "exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." *Id.* (quoting *Hensley*, 461 U.S. at 434).

8

Class counsel has submitted time records reflecting the tasks performed and hours devoted to this case. (*See* Suppl. Johnson Decl., Ex. 1.) Having reviewed the records and docket in this case, the court concludes that the number of hours expended in litigating this case and achieving a favorable settlement for the class is reasonable. Accordingly, the court concludes that class counsel's hourly rate and hours total **$36,155** in reasonable attorney's fees ($350/hour × 103.30 hours).

III. **Determination of Costs**

Finally, plaintiff seeks reimbursement of costs in the amount of $631.37. (See Pl. Mem. at 13-14.) "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Volpe v. Nassau County*, No. 12-cv-2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016) (internal quotation omitted). Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987); *Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12-cv-3049, 2014 WL 2600095, at *11 (E.D.N.Y. June 11, 2014).

Here, class counsel seeks reimbursement for "the filing fee for the complaint ($400), service of process on Defendant ($81.37), and fees for Mr. Johnson admission pro hac

9

vice ($150)." (Pl. Mem. at 14.) Although class counsel did not submit an invoice for the clerk's filing fee or *pro hac vice* fee, the docket indicates that both fees were paid. (*See* ECF Nos. 1, 5); *see Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Coastal Env't Grp. Inc.*, No. 18-cv-5791 (LDH)(SJB), 2019 WL 5693916, at *12 (E.D.N.Y. Aug. 30, 2019) ("Filing fees are recoverable without supporting documentation if verified by the docket."); *Goode v. Vision Fin. Corp.*, No. 14-cv-4272 SJ RER, 2015 WL 4629249, at *7 (E.D.N.Y. May 7, 2015) ("A court can take judicial notice of this District's filing fee amount of $400.00"), *report and recommendation adopted*, No. 14-cv-4272 SJ RER, 2015 WL 4634224 (E.D.N.Y. Aug. 3, 2015); *Resnik v. Coulson*, No. 17-cv-676, 2020 WL 5802362, at *11 (E.D.N.Y. Sept. 28, 2020) (awarding complaint filing fee and fee for leave to appear *pro hac vice* based on judicial notice). Having reviewed the docket and applicable fees in this district, the court takes judicial notice of this district's $400 fee to file a complaint and $150 fee for leave to appear *pro hac vice*, and awards these costs to class counsel.

   The court declines to award the $81.37 amount in service of process fees, however, because class counsel failed to document the process server fees. *See Coastal Env't Grp.*

10

*Inc.*, 2019 WL 5693916, at *12 (E.D.N.Y. Aug. 30, 2019) ("Process server fees are also recoverable but must be supported by documentation."); *see, e.g.*, *Dembitzer v. Weinberg Mediation Grp. LLC*, No. 17-cv-1734 (ENV)(SJB), 2018 WL 4088077, at *7 (E.D.N.Y. Aug. 3, 2018) (declining to award $170 in service of process fees in the absence of supporting documentation, *report and recommendation adopted*, No. 17-cv-1734 (ENV)(SJB), 2018 WL 4087921 (E.D.N.Y. Aug. 27, 2018); *Martinez v. Alimentos Saludables Corp.*, No. 16-cv-1997, 2017 WL 5033650, at *29 (E.D.N.Y. Sept. 22, 2017) (denying four fees of $75.00 each for service of process fees in the absence of supporting documentation). For these reasons, the court finds that plaintiff has documented **$550** in costs for the filing fee and *pro hac* vice fee.

Having reviewed class counsel's motion for attorneys' fees and costs, the supporting submissions, and the relevant factors discussed above, the court concludes that class counsel has established a reasonable award of attorneys' fees of **$36,155** and **$550** in costs. Because class counsel seeks an unopposed award of **$34,000**, the court grants such award of attorneys' fees, costs, and expenses.

**CONCLUSION**

For the foregoing reasons, class counsel's motion for attorneys' fees is GRANTED. In accordance with the billing records submitted by class counsel, the court awards class counsel **$34,000** in attorneys' fees, costs, and expenses.

SO ORDERED.

/s/
HON. KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:   June 10, 2021
         Brooklyn, New York